# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RETTA MARLENE POWERS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 09-0556-WS-C |
| ) | |
| AUTOMOTIVE COMPUTER ) | |
| SERVICES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on the plaintiffs' motion for leave to amend the complaint. (Doc. 58). The defendants have filed responses and the plaintiff a reply, (Docs. 61-63), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion is due to be granted.

The amended complaint, brought under the Fair Labor Standards Act, was filed by five plaintiffs, on their own behalf and others similarly situated, against defendants Automotive Computer Services, Inc. ("Automotive") and Express Services, Inc. ("Express"). (Doc. 44). The amended complaint alleges that the defendants "have had a uniform policy and practice of consistently requiring all Technicians to work over 40 hours a week *when performing Training Weeks and Go Live Weeks at car dealerships* for a salaried amount without overtime compensation." (*Id*., ¶ 10 (emphasis added)). The proposed second amended complaint would expand this allegation by deleting the language italicized above. (Doc. 58, Exhibit A, ¶ 10). Through the amendment, the plaintiffs "seek to clarify that they seek recovery for all hours worked in excess of forty in any given week, regardless of the location those hours were worked." (Doc. 58 at 2).

The motion for leave to amend was filed over two months before the deadline provided by the Rule 16(b) scheduling order. (Doc. 47, ¶ 4). Accordingly, the plaintiffs need not satisfy the "good cause" standard of Rule 16(b). Instead, they need only satisfy Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." Eleventh Circuit law is clear that leave to amend should be given under this rule "[i]n the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (internal quotes omitted).

Defendant Express "does not object to Plaintiffs' proposed amendment." (Doc. 62 at 3). Defendant Automotive complains that granting the motion will eliminate one of its objections to the plaintiffs' pending motion to facilitate notice. (Doc. 61 at 2). That, of course, is not grounds to deny leave to amend, but Automotive continues that the plaintiffs have not shown they were unable to word their original complaint — filed some five months previously — as broadly as the proposed second amended complaint. (*Id.* at 3). While "[a]n amendment filed approximately two years after the complaint it seeks to amend is an unreasonably delayed one,"[1] Automotive offers no authority for the proposition that any delay by the plaintiffs was undue.[2] It could scarcely be so, considering that the motion for leave to amend was filed: (1) less than six weeks after the

---

[1] *Cornelius v. Home Comings Financial Network, Inc.*, 293 Fed. Appx. 723, 728 (11th Cir. 2008).

[2] When the Eleventh Circuit has noted litigants' prior awareness of their proposed claims as a circumstance to be weighed in determining whether they had exhibited undue delay, it has done so in the context of motions to amend filed long after the deadline established by the Rule 16(b) scheduling order had expired. *E.g., Caruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1217-18 (11th Cir. 2004); *McGregor v. Autozone, Inc.*, 180 F.3d 1305, 1308-09 (11th Cir. 1999). Those cases do not apply here, since the motion was filed over two months prior to that deadline.

scheduling order was entered; (2) barely a week after the defendants' initial disclosures were provided; and (3) eight months before the discovery period expires.

Automotive also argues that the second amended complaint is offered "solely for the dilatory motive [sic] of trying to increase the opt-in class." (Doc. 61 at 4). A dilatory motive is one to delay the future progress of the proceedings, and Automotive does not explain how the proposed amended complaint could possibly accomplish such delay.

For the reasons set forth above, the motion for leave to amend the complaint is **granted**. The plaintiffs are **ordered** to file and serve the second amended complaint on or before **March 9, 2010**.

DONE and ORDERED this 4th day of March, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE