IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RETTA MARLENE POWERS, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0556-WS-C |
| | ) |
| AUTOMOTIVE COMPUTER | ) |
| SERVICES, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on the motion of plaintiffs' counsel to allow the late filing of a consent-to-join form. (Doc. 96). Defendant Automotive Computer Services, Inc. ("Automotive") has filed a response in opposition, (Doc. 99), and the motion is ripe for resolution.

The Court approved the plaintiffs' proposed form of notice and proposed consent to join form. (Doc. 67 at 8). The notice specifies that "you must sign, date, and mail the attached Consent to Become Party Plaintiff form to the Court by" June 17, 2010. (Doc. 46, Exhibit 1 at 1-2). The Clerk's address is provided. (*Id.* at 2).

Corrine Granger received the notice and executed the consent-to-join form on March 26, 2010. She then mailed it to plaintiffs' Birmingham counsel, whose address was also included in the notice. The envelope in which the consent-to-join form was received bears a postmark of March 30, 2010. Granger has confirmed this chronology. The address on the envelope was correct, and the postage was adequate. (Doc. 46, Exhibit 1 at 4; Doc. 96 at 2 & Exhibit A). Nevertheless, the mailing was not received by the law firm until July 6, 2010. (Doc. 96 at 1-2 & Exhibits B, C). On July 9, plaintiffs' counsel sought Automotive's consent to the late filing of Granger's form, and on July 12 defense counsel refused. (Doc. 96 at 2). The instant motion promptly followed.

Automotive disputes none of these facts.  Instead, it complains that Granger did not follow directions, which were to mail her form to the Clerk rather than to counsel.  True enough, but Automotive fails to explain how Granger's action caused her form to be filed after June 17.  As noted, she properly addressed and stamped the envelope containing her completed form and placed it in the hands of the usually reliable United States Postal Service on March 30, almost three months before the deadline.  Had this mail been timely delivered, as it almost always is, plaintiffs' counsel would have filed her form in early April, long before the deadline.  On the uncontroverted facts before the Court, the form's tardy filing did not result from any act or omission of Granger or of plaintiffs' counsel but from that of a third party.  Automotive notes that the plaintiffs have offered no legal authority allowing the late filing of a consent-to-join form under these circumstances, but those circumstances so clearly exculpate Granger and counsel that it is Automotive's failure to offer legal authority that is fatal.

Automotive worries that, if the motion is granted, "nothing will preclude additional opt-in plaintiffs from being allowed to join into this law suit" after the June 17 deadline.  (Doc. 99 at 3).  The argument is a non sequitur.  Authorizing a late filing in the unique circumstances presented here says nothing about whether other late filings, under different circumstances, would be proper.

For the reasons set forth above, the motion to allow the late filing of Granger's consent-to-join form is **granted**.  The plaintiffs are **ordered** to file and serve the form on or before **August 5, 2010**.

DONE and ORDERED this 29th day of July, 2010.

/s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE